UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL AYALA and<br>MOLINA HEALTHCARE OF<br>WISCONSIN, INC.,<br><br>            Plaintiffs,<br><br>       v.<br><br>JESUS MARTINEZ and STATE FARM<br>FIRE AND CASUALTY COMPANY,<br><br>            Defendants. | Case No. 16-cv-5205<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Paul Ayala, filed a Complaint in the Eastern District of Wisconsin, alleging one count of common law-negligence and one count of negligence *per se* against Defendants, Jesus Martinez and State Farm Fire and Casualty Company. The claims arose from an automobile collision that occurred on March 1, 2013. Defendants filed a Motion to Dismiss or for Transfer of Venue. The Eastern District of Wisconsin denied Defendants' Motion to Dismiss without ruling on the merits and granted the Transfer of Venue. The case was transferred to the Northern District of Illinois. Defendants subsequently filed a Motion to Dismiss [23] pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons discussed below, Defendants' Motion [23] is granted.

### BACKGROUND

For purposes of deciding this Motion, the following allegations are accepted as true. Paul Ayala ("Ayala") is a resident of Milwaukee, Wisconsin. (Compl. ¶ 1.) Involuntary Plaintiff Molina Healthcare of Wisconsin, Inc. is an insurance provider licensed to do business in Wisconsin and has its principal place of business in Long Beach, California. (*Id.* ¶ 2.) Jesus Martinez ("Martinez") is a resident of Carpentersville, Illinois. (*Id.* ¶ 3.) Defendant State Farm

Fire and Casualty Company is an insurance company licensed to issue general-liability insurance policies in Wisconsin, with its principal place of business in Bloomington, Illinois. (*Id.* ¶ 4.)

On March 1, 2013, Ayala and Martinez were involved in an automobile accident that took place in Crystal Lake, Illinois. (*Id.* ¶ 5). The accident was deemed to be the fault of Martinez. (*Id.*, ¶ 6). Plaintiff suffered various injuries that required medical treatment, including chiropractic care, emergency care, physical therapy, and surgical intervention. (*Id.* at ¶¶ 8, 9). On January 27, 2016, Plaintiff filed his Complaint in the Eastern District of Wisconsin. (Compl.) Defendants moved for dismissal or, alternatively, a change in venue. The Wisconsin district court denied the dismissal in whole but granted the change in venue pursuant to 28 U.S.C. § 1406(a). (Dkt. 17.) The Wisconsin district court found that venue was proper in Illinois under 28 U.S.C. § 1391(b)(1) and (2), as Martinez is a resident of Illinois and a substantial part of the events occurred within Illinois. *Id*. After the change in venue, Defendants filed the present Motion to Dismiss [23].

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair

notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

### ANALYSIS

Defendants argue that this case should be dismissed with prejudice because Illinois law applies and that the claims are barred by the Illinois statute of limitations. Plaintiff responds that the Wisconsin court transferred venue for the convenience of the parties and that Wisconsin law applies.[1]

Contrary to Plaintiff's argument, the action could not have been maintained in the Eastern District of Wisconsin. The Wisconsin district court transferred this cause of action to the Northern District of Illinois pursuant to 42 U.S.C. § 1406(a) because the forum was improper: "this District is not the proper venue for Mr. Ayala's claims." (Dkt. 17, p. 8). If a case is transferred under § 1406(a), the transferee court must apply the law of the state in which it sits. *See Koutsoubos v. Casanave*, 816 F. Supp. 472, 475 (N.D. Ill. 1993) (". . . where an action was improperly filed in the transferor court, the transferee court should apply its own state's choice of law rules rather than those of the transferor's state."); and *Johnson v. United Airlines, Inc.*, No. 12 C 5842, 2013 WL 323404, at *2 (N.D. Ill. Jan. 25, 2013) (citing *Gerena v. Korb*, 617 F.3d 197, 204 (2d Cir. 2010); *Lafferty v. St. Riel*, 495 F.3d 72, 76-77 (3d Cir. 2007)). Therefore, Illinois law applies.

---

[1] Plaintiff also argues that because the Eastern District of Wisconsin failed to dismiss the case, the forum state remains Wisconsin. However, Plaintiff cites to no authority for this proposition.

Pursuant to Illinois law, a choice-of-law determination is required when a difference in law makes a difference in the outcome. *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 898 (Ill. 2007). The Illinois statute of limitations for personal-injury claims is two years. 735 Ill. Comp. Stat. 5/13-202. The Wisconsin statute of limitations for personal-injury claims is three years. Wisc. Stat. 893.54(1). The accident took place on March 1, 2013; and the complaint was filed on January 27, 2016. Plaintiff's action would be barred under the Illinois statute of limitations but not the Wisconsin statute of limitations. Therefore, a choice-of-law determination is required.

Under Illinois choice-of-law rules, "the law of the place of injury controls unless another state has a more significant relationship with the occurrence and with the parties with respect to the particular issue." *Townsend*, 879 N.E.2d at 903. The place of injury is Illinois, Defendants are located in Illinois, and no other state has a more significant relationship with the occurrence. Therefore, Illinois law applies. Plaintiff's Complaint was filed after Illinois' two-year statute of limitations expired, and, therefore, the action is barred.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [23] is granted with prejudice.

Date:  October 24, 2016     /s/ [signature]
  JOHN W. DARRAH
  United States District Court Judge

4